(Judge Price of the Third Circuit, taking the place of Judge Parker.)

BOARD OF COUNTY COMMISSIONERS OF WOOD COUNTY v. BOARD OF COUNTY COMMISSIONERS OF OTTAWA COUNTY.

1. PROBATE COURT HAS POWER TO MODIFY THE REPORT OF A COMMITTEE SENT OUT TO VIEW THE OUTLET OF A PROPOSED DITCH.

Where the probate judge appoints a committee of freeholders to assess the amount which the upper county is obliged to pay the lower county for the proposed outlet of a ditch, and such committee makes a report to the probate court: *Held*, that the probate judge, under the provisions of the statute, has power to modify such report, either by increasing or diminishing the amount stipulated in it; or to set aside the report and send out a new committee to report.

2. HYPOTHETICAL QUESTIONS.

A hypothetical question must be based upon facts assumed to have been proved in the case on trial.

3. RULE APPLICABLE IN SETTING ASIDE A JUDGMENT THAT IS NOT SUPPORTED BY THE EVIDENCE.

The rule applicable in a case in which it is sought to set aside the judgment on the ground that it is not supported by evidence, is whether there is satisfactory evidence upon which the finding of the court may be sustained. If there is not, it must be reversed or reduced, but if there is, it must be sustained.

KING, J. (Orally.)

This proceeding was a case brought before the probate judge of Ottawa county, Ohio, about the 24th of May, 1894, under the statute which is found in 82 O. L. 23, and as amended in 90 O. L., 91, and in 91 O. L., 261, which provides for the appointment by the probate judge of the counties interested of a joint committee of freeholders to consist of two appointed by the probate judge of each county, who shall be non-residents of and not owning lands in either county affected by the ditch. The committee in this case qualified and went out and examined the territory and ditch, or the proposed ditch, and its location, and before them the plan, profile and specifications as prepared by the engineer employed by this county to do the work, and made a report to the probate judge, finding that Wood county should pay to Ottawa county, $4,000.

Some further hearing was at that time had and proceedings in error were prosecuted to the court of common pleas, and from that court to this, and the proceedings before the probate judge were reversed by this court at a preceding trial, and the case sent back for further hearing before the probate judge; and it came on for that hearing and witnesses were called and evidence heard by the probate court who modified the report of the committee and increased the amount named from $4,000 to $10,000, as the sum to be paid by Wood county.

The proceeding in error was brought to this court, Judge Price sitting in the case, Judge Parker being interested in the case before it was heard here, and we have carfully gone over the record and examined the arguments of counsel, and have come to the conclusion which I will announce.

In the first place it is claimed that the probate court had no power under the statute to increase the amount contained in the report of this committee of freeholders. This court has passed upon that question in the case reported in the case of *Commissioners of Fulton Co.* v. *Commissioners of Lucas Co.,* 5 Dec. 500, and a further consideration of it by the court only leads us to the conclusion that we were right in that decision, and, therefore, it will not be necessary for me to discuss the questions decided in that case. We held under the provisions of the statute that the power given to the probate judge to modify this judgment gives him power upon the evidence to decrease or to diminish the amount of it, and that, therefore, it was within his authority, if he saw fit to hear evidence at that time, and consider it, as it was within his power under the statute to set aside the report and send out a new committee to report.

It is further claimed that there were errors occurring at this trial in the admission of evidence, and that the amount fixed by the probate judge is not sustained by the evidence or is against the weight of the evidence.

The principal objection to the testimony is that made to the evidence of C. A. Judson. It is claimed that questions put to him were not proper hypothetical questions, or were not proper questions. Mr. Judson was an engineer of fifteen years' experience living in an adjoining county, and after the first hearing by the probate judge upon this report, which, as I have said, was subsequently reversed by this court, while the case was pending on error, the probate judge appointed a second committee and Mr. Judson was made a member of that committee, being a citizen of Erie county, and in that capacity he went along the line of the ditch and examined the territory through which it ran, and also went along some distance through the territory in Wood county which would drain into the proposed ditch to be constructed in Ottawa county.

In addition to that at the time of the trial he had examined the plans and specifications prepared by the engineer selected by Ottawa county, and with this qualification he was asked to state various matters leading up to the conclusion to be arrived at, to-wit, the cost of constructing an outlet in Ottawa county which would be sufficient to conduct the waters of Wood county that would flow into it by reason of the increased artificial drainage provided in Wood county by its public or private ditches. The statute which authorizes the assessment for increased expense in making an outlet, which it does not apply to the expense which will be necessary to take the natural flow of water, does apply to any increase that may be made on either public or private account. If it is created in the interest of better drainage, whether it be by public ditches or private drains, if the increase comes on account of the artificial drainage it is that which the lower county is required to take care of, and it is that for which they may require the upper county to contribute the expense.

Now Mr. Judson was asked to state what this ditch would cost, the improvements that were necessary to make it a sufficient outlet based upon his examination of the profiles prepared by the engineer and based upon the knowledge he had derived from an actual investigation of the ground itself, and from the general knowledge that he had of engineering under like circumstances and conditions. Now it is true that not all of these elements were raised in a single question but we find them all here stated in different forms. A hypothetical question must be based upon facts assumed to have been proved in that case.

County Commissioners v. County Commissioners.

The engineer who prepared these specifications was called to testify and did testify as to their accuracy, and his judgment was to an extent also clearly a matter of opinion, so we think all questions asked of Judson were proper and the opinion called for from him was one that might be asked of such a witness based upon such facts as were placed before him or which he had acquired in any manner, and there was no error in the admission of that class of testimony.

The second question is whether the judgment is supported by the evidence. That is a very difficult question for us to answer from the record, but we have to apply to it the same rule we would apply in other cases and that is, whether there is satisfactory evidence upon which the finding of the court may be sustained. If there is not it must be reversed or reduced, but if there is it must be sustained.

I will not go over the evidence in this case very fully for we find from the record here is evidence and competent evidence from which the court might conclude that the flow of water in Ottawa county occasioned by the artificial drainage in Wood county had been more than doubled. By that we do not mean that the total quantity of water from Wood county was twice what it was before the construction of those improvements, but it came down so much faster that it was more than double at certain times and places and for a period of time the amount of water added was more than twice the amount it was before those improvements were made.

There is abundance of evidence in the record to substantiate finding of that character.

It appears from some of the evidence in the case that there are ten thousand acres in Ottawa county which would be drained by this improvement and that there are about eight thousand acres in Wood county which are tributary to the ditch which leads into this. In other words the water to be added by this outlet stands in about the proportion of four-ninths, coming from Wood county, to three-ninths coming from Ottawa county. Now the estimate for the improvement is more than $49,000.00, a very large sum of money, but no attempt is made to say it is excessive except perhaps with reference to matters which I will notice later.

No attempt was made to prove it was not necessary to construct a ditch at least of the length which is proposed to be constructed here, for the distance from the county line to the body of water into which it is drained is not disputed. And the only dispute is as to the dimensions of the ditch necessary for an outlet for the water from Wood county. The total cost is estimated at more than $49,000.00. If four-ninths of that is necessary to accommodate the water from Wood county, and if the water from Wood county has been doubled by artificial drainage the proportion which Wood county should pay is four-eighteenths of that cost substantially, and that is a sum considerably more than $10,000.00, the amount found by the Probate Judge; it is $11,000.00.

Mr. Judson says in his testimony that the cost of constructing the outlet for this water caused by the increased drainage from Wood county alone, would be according to the best estimate he has been able to make, $14,526.00.

Mr. Hughes, the engineer employed by this county, makes it a very much larger sum than that.

Mr. Spafford, who was the engineer for Wood county and is a wit-

ness called by them, makes the amount considerably less.   In fact Mr. Spafford says that there is no additional amount of water created by the improvements that they have made in Wood county, but I think that the evidence shows, his as well as the rest, that he must be mistaken.   It is barely possible he may be a little biased giving that kind of an opinion; and he closes his testimony by saying $4,000.00 would be ample for providing for the increased water caused by the improvement in Wood county, but there is a very wide difference between saying $4,000.00 would be necessary and saying that nothing is necessary.

I think Mr. Spafford is also mistaken in view of the testimony of the other engineers as to the amount of the capacity required in this outlet ditch.   In the first place he testifies that there is no increase of water, and that no increase of ditch is necessary.   Then he figures out an estimate very much less than the estimate of the Ottawa county engineers, but Mr. Judson, who is entirely impartial so far as we are able to discover, and from our own knowledge we know he is as competent as any witness that might be called on that subject to testify about it, and he testifies to the amount of material that would be necessary to remove there and the cost of it, putting the cost and expense quite a little lower than Mr. Hughes, and yet he says it would be necessary to expend at least $14,000.00 in order to take care of the water that would come into Ottawa county.

Of course there are many difficulties in arriving at this, but the committee in the first instance are not infallible.   They are like a board of arbitrators, they are sent out and advised by the court and after having heard their opinion supplemented by the engineer who would know better than any one of the committee who was not an engineer, the court would be in a better position to determine the amount that should be paid.

It is said that the probate judge in one county would be interested in his county.   We have to leave these questions to somebody to some tribunal, and the legislature has left it to the probate judge where the proceedings are instituted.   They might be instituted in Wood county, and then the probate judge of Wood county would have the decision of them.   The legislature has reposed this in the probate judge and we have to look upon his judgment the same as that of any other court, and see if it is supported by sufficient evidence, and we think there is sufficient evidence in this case to sustain the finding of the probate judge, that Wood county should pay $10,000.00, and for that reason the judgment will be affirmed.

*Parker & Fries & E. G. Love*, for Plaintiff in Error.

*Wm. Gordon & C. I. York*, for Defendant in Error.